**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4614

PETER OMNI BIL SCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-99-258-6)

Submitted: March 14, 2000

Decided: May 15, 2000

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Peter Omni Bil Scott appeals his conviction and sentence after a bench trial for two counts of possession of forged securities in violation of 18 U.S.C. § 513 (1994). Scott's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising four issues but stating that, in his view, there are no meritorious grounds for appeal. Scott filed a pro se supplemental brief raising one additional issue. Finding no reversible error, we affirm.

Scott's counsel first raises the issue of whether the district court erred in denying Scott's motion to dismiss the indictment due to alleged prosecutorial misconduct. Because we find that the grand jury was not substantially influenced in its decision to indict by any alleged prosecutorial violations, we conclude that the district court did not err in denying Scott's motion. See United States v. McDonald, 61 F.3d 248, 253 (4th Cir. 1995).

Next, Scott's counsel questions whether the district court erred in denying Scott's motion to suppress evidence seized as a result of a search of Scott's automobile. We find that the search of Scott's vehicle and the garment bag found therein properly fell with the inventory exception to the Fourth Amendment. Scott's vehicle was in the lawful custody of the police after his arrest and the inventory search was conducted pursuant to standard local police procedures. See United States v. Brown, 787 F.2d 929, 931-32 (4th Cir. 1986); see also Colorado v. Bertine, 479 U.S. 367, 371-76 (1987). Accordingly, the district court did not err in denying Scott's motion to suppress.

Scott's counsel also raises two sentencing issues. To give due deference to a district court's application of the Sentencing Guidelines, this court reviews factual determinations for clear error and legal questions de novo. See United States v. Blake , 81 F.3d 498, 503 (4th Cir. 1996).

At sentencing, Scott objected to a two point enhancement for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual

2

§ 3C1.1 (1998). Because Scott provided materially false information to the district court that could potentially have affected the court's decisions as to Scott's term of imprisonment or conditions of release, we find that the district court properly enhanced Scott's sentence for obstruction of justice. See USSG § 3C1.1, comment. (n.4(f)).

Scott also objected to a two point enhancement for reckless endangerment during flight pursuant to USSG § 3C1.2. A two level increase in the offense level is warranted when a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. The record indicates that Scott failed to comply when signaled by the police officer to pull over. The officer testified that Scott was speeding on a rainy night in an area that was partly residential, and even drove on the wrong side of the road at one point. We find that Scott's willful, reckless conduct during flight clearly had the potential to cause injury to others. Accordingly, we find that the district court properly enhanced Scott's sentence for reckless endangerment during flight.

In his supplemental brief, Scott claims that the district court erroneously considered certain counterfeit checks at trial and sentencing. Scott's claim is based on two conflicting inventory sheets prepared by the Sheriff's Department and the Secret Service. The Secret Service's inventory lists numerous checks not contained on the Sheriff's Department's original inventory. Our review of the record reveals that these additional checks were only introduced at sentencing as relevant conduct. Because we find that the Government established the existence of these other incidents of relevant conduct by a preponderance of the evidence, we find that the district court properly considered these additional checks at sentencing. See USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Scott's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw

3

from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4